

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# USA v. Barbosa

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1292

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Barbosa" (2007). *2007 Decisions.* Paper 730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-285                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1292

UNITED STATES OF AMERICA

v.

LUIS HUMBERTO BARBOSA,
Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 98-cr-00383-1)
District Judge: Honorable Stewart Dalzell

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2007

Before: MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>.

(Filed: July 18, 2007)

OPINION

PER CURIAM

       Luis Humberto Barbosa appeals the District Court's denial of a motion he filed

seeking to vacate his conviction pursuant to <u>Hazel-Atlas Glass Co. v. Hartford-Empire</u>

<u>Co.</u>, 322 U.S. 238 (1944).  For the following reasons we will summarily affirm.

Barbosa was convicted of knowingly and intentionally possessing with intent to distribute 50 grams or more of a controlled substance, i.e., some 882 grams of a mixture containing a detectable amount of cocaine base. The District Court imposed a 240 months sentence. We affirmed in November 2001. In December 2003 Barbosa filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, which the District Court denied on the merits by order entered March 17, 2004. We denied Barbosa's request for a certificate of appealability (04-1842) and the Supreme Court denied his petition for a writ of certiorari (04-9835).

In 2006 Barbosa filed a <u>Hazel-Atlas</u> motion alleging that the prosecutor committed fraud on the court by presenting to the Magistrate Judge a fabricated affidavit to obtain an arrest warrant, failing to inform the grand jury that the affidavit contained false information, and conspiring with the forensic chemist to show the court and the jury that Barbosa possessed cocaine base. In the affidavit DEA Special Agent Devlin stated that the powder recovered from Barbosa's room was "white powder" which "field tested positive for heroin." However, a forensic chemist did not test the powder until two days later, at which time it was identified as "Tannish/Brown" and cocaine base.

The District Court denied Barbosa's motion for various reasons, including his failure to cite evidence indicating that the prosecutor ever saw the drugs or personally knew whether they were field tested; thus, his motion does no more than repeat a claim

2

from his § 2255 motion.[1]  Besides, a mere three days after the affidavit was filed the prosecutor brought the error to the Magistrate Judge's attention, while Special Agent Devlin testified before the Grand Jury that the drugs taken from Barbosa contained cocaine base.  Although the prosecutor did not explain the error to the Grand Jury, she had no duty to do so because the error was not clearly exculpatory evidence which would likely have convinced the Grand Jury not to indict.  This appeal followed.

## II

We have not previously addressed in a precedential decision whether a <u>Hazel-Atlas</u> motion is a legitimate means of attacking a criminal conviction which has already been assailed on direct appeal and via § 2255.  We need not resolve that question here because even if it is, Barbosa does not come close to making the requisite showing of fraud.[2]  To prevail under <u>Hazel-Atlas</u>, he must show through "clear, unequivocal and convincing evidence" that there was "(1) an intentional fraud; (2) by an officer of the court; (3) which [was] directed at the court itself; and (4) in fact deceive[d] the court." <u>Herring v. United States</u>, 424 F.3d 384, 386-87 (3d Cir.2005).  As the District Court explained in its order denying his motion, Barbosa does not come close to meeting that standard.  Because the appeal does not present a substantial question, we will summarily

---

[1] As the District Court noted, in his § 2255 motion Barbosa argued that his arrest was invalid as a result of the inaccurate affidavit, an argument rejected by the court because the affidavit contained sufficient additional information to support a finding of probable cause to arrest.

[2] Similarly, we need not decide whether a certificate of appealability is required for this appeal.  To the extent that one is, we decline to issue it.

3

affirm the judgment of the District Court.